Filed 8/18/15  P. v. Scott CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>STANLEY CAMERON SCOTT,<br><br>          Defendant and Appellant. | A143360<br><br>(Mendocino County<br>Super. Ct. Nos. 13-70941 & 14-76917) |

Defendant Stanley Scott appeals from sentencing in two separate matters that were part of a single negotiated disposition.  Defendant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Defendant has also been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

## BACKGROUND

### Case No. 13-70941

On February 25, 2013, defendant was charged by information with transportation of marijuana, a felony (Health & Saf. Code, § 11360, subd. (a)), and a strike allegation based on a prior conviction of violating Penal Code section 288, subdivision (a).[1]

---

[1] All further undesignated statutory references are to the Penal Code.

On May 6, 2013, defendant pled no contest to an added count 2 to the information, charging felony possession of marijuana for sale (Health & Saf. Code, § 11359), pursuant to a negotiated disposition that included the understanding that he would be sentenced to three years in state prison (the upper term), execution of sentence suspended; he would be placed on five years probation with a county jail sentence of 90-120 days; and the district attorney would dismiss the prior strike allegation. At the change of plea hearing, the judge engaged in an extended voir dire of defendant, and accepted his change of plea. The court found there was a factual basis for the plea.

Defendant was sentenced on June 19, 2013, in accordance with the plea agreement, with the condition that he serve 100 days in the county jail. Other fines, fees and assessments were ordered. Defendant stated that he understood the terms of probation and agreed to its terms.[2] Defendant signed a written six-page Order of Probation stating that he read and fully understood the requirements of probation and agreed to abide by and obey all of the conditions of probation.

On April 16, 2014, the probation office filed a petition alleging a violation of probation based on defendant's failure to accurately report his residence to the county sheriff and the probation office as required by section 290, despite having admitted to the probation office on March 31, 2014, that he was not accurately reporting his residence and having been given time to do so by the probation office.

### Case No. 14-76917

On May 1, 2014, defendant was charged in a one-count complaint with failure to register, a felony (§§ 290, subd. (b) and 290.018, subd. (b)) on or about April 15, 2014, with a special allegation that he had been convicted of a felony violation of section 288,

---

[2] The *Wende* brief submitted by defendant's counsel notes that the court imposed a "Pre-Sentence Investigation Report Fee," but that no probation report was included in the record. The transcript of the sentencing hearing, however, makes repeated reference to the probation office report, and defendant's counsel told the court at sentencing that he had an opportunity to go over the probation report with defendant, and that defendant understood the terms and conditions of probation that were proposed.

2

subdivision (a) on or about October 31, 2000, within the meaning of sections 1170.12 and 667, i.e., a prior strike.

The new complaint was apparently based on the same conduct as the probation violation described above in case No. 13-70941. The court appointed the public defender to represent defendant in connection with the new case. Defendant was represented by different counsel on the probation violation.

### *Disposition of the Two Matters*

Case No. 13-70941 (the probation violation in the felony possession of marijuana case) and case No. 14-76917 (the section 290 case) were resolved in a negotiated disposition on July 16, 2014, in which defendant was present in court and represented by separate counsel in each matter.

On July 16, 2014, in the section 290 case, defendant pled no contest to the felony violation of failure to register (§ 290), and admitted the strike allegation, with the understanding that (1) the three year prison sentence that had been executed but suspended in case No. 13-70941 would be executed, and (2) that he would be sentenced to the low term of 16 months in the section 290 case, doubled because of the prior conviction, to run concurrently with the sentence in case No. 13-70941. At the hearing, the judge engaged in an extended voir dire of defendant, advising him of the rights he had and the rights he was giving up. The judge also advised defendant of the consequences of his no contest plea in the section 290 case, which included that by admitting this offense, the court would find him in violation of his formal probation in case No. 13-70941. Defendant expressly stated that he understood the consequences of his no contest plea. The court found there was a factual basis for the plea. The court accepted defendant's plea, and his admission that he had previously been convicted on or about October 31, 2000, of violating section 288, subdivision (a) which qualified as a strike pursuant to section 667. The court found that defendant's plea was knowing and intelligent and that he understood the nature and consequences of his plea.

Based on defendant's plea in the section 290 case, the court found defendant in violation of his formal probation in case No. 13-70941, and probation in that case was permanently revoked.

Defendant was sentenced on August 15, 2014, in accordance with the understandings agreed to and placed on the record at the July 16, 2014, hearing. Defendant was represented by the same two attorneys who represented him at the July 16, 2014, hearing.

This appeal followed.

## DISCUSSION

We have reviewed the entire record as required by *People v. Wende, supra,* 25 Cal.3d 436. Because defendant pled no contest to the offense in case No. 14-76917 and admitted the strike prior, and in effect admitted the violation of probation in case No. 13-70941 by so doing, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea, not guilt or innocence.

Nothing in the record before us indicates defendant was mentally incompetent to understand the admonitions he received from the trial court prior to entering his plea, and to enter a knowing and voluntary plea.

Before accepting defendant's plea, the court made sure defendant understood the constitutional rights he was waiving and the consequence of his plea. Defendant's admissions were made freely, voluntarily and knowingly.

Defendant was at all times represented by competent counsel who protected his rights and interests.

We see no error in the sentences.

The dispositions are authorized by law.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

## CONCLUSION

The judgments in both cases are affirmed.

4

_____
Miller, J.

We concur:


_____
Kline, P.J.


_____
Richman, J.